**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RODRIGO ACOSTA-PENA,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

No. 19-9557
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**,
Circuit Judges.
_____

This petition for review stemmed from the government's effort to

remove Mr. Rodrigo Acosta-Pena, a Mexican citizen, based on his presence

in the United States without admission or parole. *See* 8 U.S.C.

---

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

§ 1182(a)(6)(A)(i). He sought cancellation of removal, and an immigration judge denied relief, finding that Mr. Acosta-Pena had not remained physically present in the United States for the required ten-year period. The Board of Immigration Appeals upheld the immigration judge's decision. Mr. Acosta-Pena petitions for review,[1] and we grant the petition.

As a nonpermanent resident, Mr. Acosta-Pena may be eligible for cancellation of removal if he has "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his cancellation] application." 8 U.S.C. § 1229b(b)(1)(A). But under the so-called "stop-time" rule, the period of continuous presence is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1)(A).

Mr. Acosta-Pena received a putative notice to appear. The notice didn't tell him the time or place of the removal hearing, but the immigration court later supplied this information in a notice of hearing. The Board of Immigration Appeals determined that this combination of documents triggered the stop-time rule as of the date of the notice of hearing (March 4, 2009). We recently rejected this view in *Banuelos-Galviz v. Barr*, 953 F.3d 1176, 1184 (10th Cir. 2020), holding

---

[1]    Although we generally lack jurisdiction over administrative denial of cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B)(i), we retain jurisdiction to review constitutional claims and questions of law. S*ee* § 1252(a)(2)(D).

that "the stop-time rule is not triggered by the combination of an incomplete notice to appear and a notice of hearing."[2]

Though the stop-time rule did not apply, Mr. Acosta-Pena must still show that he remained continuously in the United States for at least ten years when he applied for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(A). He applied for cancellation of removal on April 5, 2011, so he must show continuous presence in the United States since April 5, 2001.

Mr. Acosta-Pena left the United States in July 2001. But neither the immigration judge nor the Board of Immigration Appeals decided how long Mr. Acosta-Pena had stayed away. If he had stayed away for more than 90 days, his trip would have broken the period of continuous presence. 8 U.S.C. § 1229b(d)(2). The duration of his trip in July 2001 may thus determine Mr. Acosta-Pena's eligibility for cancellation of removal.

Because the Board erroneously relied on the stop-time rule, we grant the petition for review and remand for further administrative proceedings. On remand, the agency cannot apply the stop-time rule based on the combination of the notice to appear and notice of hearing. Though the stop-time rule does not apply, Mr. Acosta-Pena must still show continuous presence in the United States in the ten-year period preceding his

---

[2]  The Board issued its decision before *Banuelos-Galviz*, so the Board understandably relied on its own contrary precedent.

3

application for cancellation of removal. The agency must determine whether Mr. Acosta-Pena satisfied this requirement in the absence of the stop-time rule.

Entered for the Court

Robert E. Bacharach
Circuit Judge